IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM T. RUDOLF, JR.,
    Plaintiff,

vs.                                  Case No.:  3:12cv203/RV/EMT

WENDALL HALL, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court upon referral from the clerk.  Plaintiff commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1).  By order of this court dated May 23, 2012, Plaintiff was given thirty (30) days in which to file an amended complaint (*see* doc. 5). Plaintiff failed to file an amended complaint; therefore, on July 2, 2012, the court issued an order requiring Plaintiff to show cause, within twenty-one (21) days, why this action should not be dismissed for failure to comply with an order of the court (doc. 6).[1]  The time for compliance with the show cause order has now elapsed, and Plaintiff has failed to file an amended complaint.

    Accordingly, it is respectfully **RECOMMENDED**:

    That this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the court.

---

[1] The copy of the show cause order was mailed to Plaintiff at his address of record, the Okaloosa County Jail, and was returned to the court on July 11, 2012, marked, "Return to Sender—Not in Jail" (doc. 7).  The clerk of court noted that the website of the Okaloosa County Jail indicated Plaintiff's release address was 4008 - 12th Pl., Cape Coral, Florida, 33904; therefore, the clerk re-mailed a copy of the show cause order to Plaintiff at that address (*see id.*).  That copy was also returned to the court, on July 20, 2012, marked, "Return to Sender—Not Deliverable as Addressed—Unable to Forward" (doc. 8).

At Pensacola, Florida, this 1<u>st</u> day of August 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).